**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MALISSA M. ANTHONY, Plaintiff, | : | NO. 4:25-CV-00360 |
| v. | : | (CAMONI, M.J.) |
| FRANK BISIGNANO, *Commissioner of Social Security*, Defendant. | : | |

**MEMORANDUM OPINION**

Plaintiff Malissa Anthony brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II of the Social Security Act. Transcript, doc. 9-13 at 15. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. *See* Pl.'s Br., doc. 14 at 9, 13, 16. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On July 2, 2021, and September 9, 2022, Anthony applied for disability benefits under Title II and XVI of the Social Security Act,

alleging onset of disability beginning April 7, 2021, and August 1, 2022. Docs. 9-3 at 28; 9-14 at 37. After the Commissioner denied Anthony's claims, she exhausted the administrative remedies and filed a prior action with the Court that resulted in a consent order for remand. *See* doc. 9-14 at 47.

In accordance with the Court's remand order, the ALJ conducted a hearing regarding Anthony's Title II application only for the period prior to September 9, 2022 (docs. 9-13 at 5-6, 9-15 at 17) and found that Anthony was not disabled during the relevant period (doc. 9-13 at 8). The ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Anthony's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 14, 20, 23) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner to show that the claimant can perform substantial gainful employment other than the claimant's past

relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Anthony "was not under a disability . . . from April 7, 2021, through her date last insured." Doc. 9-13 at 15. The ALJ determined at the RFC stage that Anthony has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she was limited to occasional ramps/stairs/crawling, she should never climb ladders, ropes, or scaffolds, she was limited to occasional handling with her right upper extremity, frequent fingering/feeling bilaterally, and she should avoid concentrated exposure to temperature extremes, humidity, vibration, fumes, odors, dust, gases, poor ventilation, dangerous machinery, and unprotected heights. She was limited to simple and routine tasks, involving only simple, work-related decisions, and with few, if any, work place changes, and only occasional interaction with the public. She could carry out very short and simple instructions and perform one and two step tasks.

*Id.* at 10. The ALJ denied Anthony's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 14.

Anthony argues that the ALJ erred by: (1) failing to support the mental RFC with evidence; (2) relying on erroneous VE testimony as to the handling limitations; and (3) failing to properly evaluate her symptoms. Doc. 14 at 9, 13, 16. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not

only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Anthony is disabled, but whether the Commissioner's finding that Anthony is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Anthony argues that the ALJ erred by: (1) failing to support the mental RFC with evidence; (2) relying on erroneous VE testimony as to the handling limitations; and (3) failing to properly evaluate her symptoms. Doc. 14 at 9, 13, 16. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ's mental RFC is supported by substantial evidence.

Anthony first argues that the ALJ erred in determining her mental RFC because the ALJ, after deciding that Anthony could carry out very short and simple instructions, identified two jobs that exceed such limitations. *Id.* at 11.

An RFC limitation to "very short and simple instructions" or a finding that a claimant can "perform one and two step tasks" precludes a claimant's ability to perform jobs consistent with reasoning level two. *See Cowher v. O'Malley*, No. 3:21-cv-178, 2024 WL 3161865, at *7-9 (W.D. Pa. June 24, 2024); *Stash v. Bisignano*, No. 4:24-CV-00002, 2026 WL 208347, at *3-4 (M.D. Pa. Jan. 27, 2026) (collecting cases). Here, after the ALJ assessed both "very short and simple instructions" and "perform one and two step tasks" limitations for Anthony's mental RFC, the ALJ identified

three jobs, two of which exceed those RFC limitations by requiring reasoning level two. *See* doc. 9-3 at 14; *see* Office Helper (DICOT 239.567-010), 1991 WL 672232; Marker (DICOT 209.587-034), 1991 WL 671802. But the ALJ also identified a third job that is consistent with the mental RFC limitation. *See* doc. 9-3 at 14; Bakery Worker, (DICOT 524.687-022), 1991 WL 674401. Because the ALJ found at least one job consistent with a reasoning level one, any error in identifying the two other jobs was harmless. *See Soto v. Kijakazi*, No. 4:21-CV-1531, 2022 WL 4358087, at *11 (M.D. Pa. Sept. 20, 2022) (holding harmless an ALJ's error in failing to include proper RFC limitation because the RFC determination was consistent with at least one of the jobs identified at step five); *Reep v. Bisignano*, No. 1:24-CV-712, 2025 WL 1508453, at *9 (M.D. Pa. May 27, 2025) (holding same). The ALJ's RFC determination, therefore, was supported by substantial evidence.

**B. The ALJ did not improperly rely on the VE testimony.**

Anthony also argues that the ALJ improperly relied on the VE testimony by relying on two out of three jobs that require frequent handling when Anthony should be limited to occasional handling. This constitutes reversible error, Anthony argues, because the sole job relied

upon by the ALJ that fits the RFC amounts to 10,000 jobs in the national economy, which the ALJ failed to find (and which Anthony argues cannot be held) to constitute a "significant number" of jobs. Doc. 14 at 12-13, 15. The Court disagrees.

First, an ALJ may rely upon the vocational expert's responses as substantial evidence for his step five determination. *Rutherford v. Barnhart*, 399 F.3d 546, 555 (3d Cir. 2005). Here, the ALJ did find at least one job that exists in the national economy that fits the RFC, with the VE's testimony as substantial evidence.

Second, in the Third Circuit, a step five finding of 10,000 jobs does appear to represent a significant number of available jobs in the national economy. The parties' submissions are unhelpful on this question. Anthony provides no cases from within the Third Circuit, and findings on this point vary widely across circuits. *See* Doc. 14 at 12. The Commissioner, on the other hand, relies on *Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987) to support his position. In that case, the Court of Appeals found that 200 jobs in the *regional* economy was a clear indication that other meaningful work in the national economy existed. Doc. 20 at 11-12; *see also Ahmad v. Comm'r of Soc. Sec.*, 531 F. App'x 275,

278 (3d Cir. 2013) (holding that the ALJ did not err by concluding that the 569 jobs available in the *regional* economy was evidence of other work in significant numbers). But the *Cragie* Court considered the number of jobs in the *regional* economy, whereas the VE here provided only *national* statistics. *See Alvarez v. Berryhill*, No. 1:16-CV-00707, 2017 U.S. Dist. LEXIS 67047, at *22 (M.D. Pa. May 3, 2017). There is simply no way to extrapolate the 200 regional jobs in *Cragie* to a national context to compare that number to the 10,000 national jobs in this case.

There is no precise estimate for what constitutes "significant numbers" of jobs under the Social Security Act. *See* 20 C.F.R. § 404.1566; *see also Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013). The Court must look to other decisions within the Third Circuit to determine whether 10,000 jobs nationally constitutes a "significant number." While the Court of Appeals has not yet considered the exact question before the Court here, it has, more than once, cited precedent from other circuit courts that indicates that 10,000 jobs is a "significant number." *See*, *e.g.*, *Sanchez v. Comm'r Soc. Sec.*, 705 F. App'x 95, 99 (3d Cir. 2017) (finding 18,000 national jobs to be a "significant number," relying on *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (finding 10,000 jobs in the

national economy "significant")); *Young v. Astrue*, 519 F. App'x at 772 (also relying on *Young*); *Lamoureux v. Comm'r of SSA*, No. 21-1677, 2021 U.S. App. LEXIS 36448, at *7 (3d Cir. Dec. 10, 2021) (also relying on *Young*, and on *Taskila v. Comm'r Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016), which found that 6,000 national jobs was "significant number"). The Court is satisfied that, in the Third Circuit, 10,000 jobs in the national economy constitutes a "significant number" of jobs under the Act, and, at any rate, Anthony has not met her burden to establish any error on this score.

Third, as in the analysis above, the ALJ's error in identifying two jobs that require frequent handling was rendered harmless because the ALJ identified a third job that is consistent with occasional handling. *See* doc. 9-3 at 14; Bakery Worker, (DICOT 524.687-022), 1991 WL 674401. Moreover, at the hearing, the VE offered to provide additional jobs in response to claimant's counsel's argument that two of the jobs provided did not satisfy the RFC criteria, and counsel declined. Doc. 9-13 at 13 ("ALJ: Ms. Bhardwaj, do you want any additional position? ATTY: No, Your Honor."). A party cannot invite an error at the hearing level by declining what would have remedied the very deficiency they now seek

to raise on appeal. *See Lesende v. Borrero*, 752 F.3d 324, 337 (3d Cir. 2014) ("The doctrine of 'invited error' refers to '[a]n error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling.'"). The VE's readiness to provide additional jobs that accord with the RFC assures the Court all the more that any error in selecting two of the three jobs was harmless, and remand would not change the outcome. Accordingly, the ALJ's step five determination was supported by substantial evidence. *See Wright v. Sullivan*, 900 F.2d 675, 679 (3d Cir. 1990) (finding that a step five burden is met when at least one occupation in the national economy is identified that a claimant can perform); *see also* 20 C.F.R. 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").[1]

[1] Anthony also argues that the ALJ erred in evaluating her symptoms by: (1) not explaining why her extensive treatment history did not support her allegations or what treatment she should have received instead; and (2) failing to consider her consistent work history when the ALJ evaluated her subjective allegations. Doc. 14 at 16-19. The Court finds that these arguments, presented under the umbrella of "multiple errors," amount to no more than a request to reweigh the evidence, and will

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 22, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge

---

summarily dismiss them. *See Jones v. Barnhart*, 365 F.3d 501, 505 (3d Cir. 2024) (explaining that an ALJ need not use particular language or adhere to a particular format in conducting his analysis); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence.").